# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 3:07-CV-247 JVB |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Charles Douglas filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting denial of due process in a disciplinary hearing at the Westville Correctional Facility. The investigator prepared a conduct report alleging that Douglas attempted to engage in trafficking. A disciplinary hearing board ("DHB") found Douglas guilty, placed him on telephone restriction, deprived him of earned credit time, and demoted him from Credit Class II to Credit Class III. Douglas unsuccessfully appealed to the Superintendent. He subsequently appealed to the final reviewing authority which, at Douglas's request, modified the infraction to a lesser charge of possession of an electronic device. (DE 9-18.)

Where prisoners lose good time credits or are demoted in credit time earning classification at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections which include (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present exculpatory evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he

requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Douglas complains that on appeal, Charles Penfold, the final reviewing authority, downgraded the charge against him to possession of a contraband electronic device. He argues that modifying the charge during the appeal process violates the protections guaranteed by *Wolff* because he did not receive twenty-four-hour notice of the new charge. (DE 10.) The administrative record, however, establishes that Douglas asked Penfold to modify the charge. In a letter to Penfold, Douglas wrote:

> It has come to my attention that you have modified two cases similar to mine, one even was a codefendant of mine namely Nathaniel Hamilton in Case # WCC07-02-0178[.] Mr. Hamilton was the one in actual possession [of the cell phone] and his charge was reduced to an unauthorized possession. . . .[I] am asking you to please modify this Sanction and Charge[.] [A]lso in case # WCC06-11-0434 the same circumstances exist[,] [I] was charged with trafficking for just having a mere possession [of a cell phone charger], in all due fairness I ask you to Re-modify these charges to the more appropriate offense of unauthorized possession. (DE 9-16.)

A petitioner may not ask a prison official to modify the charge against him on appeal, and then complain to the court that the official granted his request. Moreover, even if Douglas could credibly make such an argument, the modification of the charge against him did not violate his due process rights. According to *Wolff*, Douglas had the right to twenty-four-hour notice of the charge against him and a summary of the facts underlying the charges so that he could gather facts and prepare a defense. In this case, Douglas was given notice of the charge which was originally before the DHB. That notice included the alleged offense, and the report of conduct which clearly explained why charges were being brought against him — because he was found

2

in possession of a contraband cell phone adapter. On appeal, the final reviewing authority reduced the charge from trafficking to possession of a contraband electrical device.

Douglas's argument is without merit because he was given the necessary information needed to marshal the facts and prepare a defense against both the original and modified charge. The factual basis of the conduct report gave Douglas all the information he needed to defend against a charge of trafficking, and the same facts supported the modified charge of possession of a contraband cell phone adapter. *Cf. Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir.1992) (prison disciplinary committee did not deny petitioner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same); *see also Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). The factual basis for both the charge of trafficking and the charge of possession of the cell phone charger was the same, and the fact that Penfold granted Douglas's request to modify the charge on appeal did not deprive him of his right to twenty-four-hour notice of the charge against him.

At the time the cell phone charger was found in his property, Douglas admitted using the phone found in Hamilton's possession and admitted that the cell phone charger found in his property was used to charge Hamilton's cell phone. But now Douglas attaches to his traverse an undated statement from fellow inmate Jerome McKinney. In that statement, McKinney states "I . . . admit putting a peanut butter jar with a cord inside of it in a locker by 11-West-1-upper[.] Inmate Douglas #932305 knew nothing about this." (DE 10, Ex.1.)

This statement is not part of the administrative record compiled by the DHB in this case, and may not be considered by this Court. In its collateral review of prison disciplinary proceedings under § 2254, this Court must examine the record for alleged constitutional errors.

*See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988); *see also Cain v. Lane*, 857 F.2d 1139, 1145 ("Absent a denial of . . . due process rights, an allegation that a prison disciplinary committee's findings are not supported by the evidence does not require *de novo* review of those proceedings.")

Moreover, the administrative record contains a statement from McKinney dated February 14, 2007, in which he states "I don't know nothing." (DE 9-9.) McKinney's signature on the statement acknowledges that his "written statement is a true and accurate summary of [his] knowledge of the incident." (*Id*.) The DHB was entitled to rely on the statement before it that McKinney knew nothing about this incident as well as relying on Douglas's concession that he used the phone found in Hamilton's possession and Douglas's admission that the cell phone charger found in his property was used to charge Hamilton's cell phone.

. In ground one of his petition, Douglas asserts that "[t]here was no evidence of trafficking"; in ground three, he asserts that the "'some evidence' standard was not met." (Petition at 3). As already noted, at Douglas's own request, the actual charge against him is now possession of electronic contraband.

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 455-56. The Constitutional standard of "some evidence" is met if

4

> there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could the support the conclusion reached by the disciplinary board.

*Id*.

The DHB noted in its decision that during a shakedown of Douglas's property box, correctional officers found an altered cell phone adapter wrapped in plastic inside a peanut butter jar. (DE 9-3). Photographs of these items are in the administrative record. (DE 9-11). Thus, this is ample evidence to support the charge against Douglas.

In ground two of his petition, Douglas states that "[t]he reporting officer did not complete [the] conduct report as per policy." (Petition at 3). He is essentially asserting a violation of the Indiana Department of Correction's Adult Disciplinary Procedures ("ADP") policy. Section 2254(a) provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief, *Kraushaar v. Flanigan,* 45 F.3d 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F. Supp. 765 (N.D. Ind. 1997), and violations of disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester,* 966 F. Supp. at 774-75. Accordingly, even if officials did not follow ADP policy in writing the conduct report, Douglas has failed to state a claim upon which habeas corpus relief can be granted.

*Wolff v. McDonnell* requires that prisoners receive advance written notice of the charges against them so they can formulate a defense. If the defect Douglas alleges in the conduct report means it did not contain the information necessary for him to prepare a defense, Douglas could state a claim upon which relief could be granted. But according to Douglas's institutional appeal, the defect in the conduct report was that it "lacks the reporting employee's signature and the staff witness that was present." (DE 9-14 at 2.) The conduct report gives the information necessary for Douglas to determine what he was charged with and to prepare his defense. The fact that the investigator typed his name on the conduct report, rather than signing it, and omitted the names of the staff members who found the cell phone charger in Douglas's property does not violate the Due Process standards established in *Wolff v. McDonnell*.

In ground four of his petition, Douglas asserts that he was denied the "[r]ight to present documentary evidence in [his] defense." (Petition at 3.) He specifically asserts that he asked for the "exact place to be identified where [the] item was found by [Sergeant] Reed." (*Id.*) The report of investigation states: "[d]uring a shakedown of Charles Douglas #932305 property box an altered cellular phone adapter was found inside a peanut butter jar wrapped in plastic." (DE 9-3.) A picture of the cell phone adapter and the peanut butter jar are in the record. (DE 9-11.) Douglas also asked for the tape recorded statement in which he admitted ownership. But this statement was before the disciplinary board, and is not exculpatory evidence in any event. Finally, he asserts that "Investigators omitted Testimony of offenders." (Petition at 3.) But the Due Process Clause does not require prison investigators to include any specific documents in their reports. *Wolff* does allow inmates to ask that witness statements be presented to the hearing board, and the DHB allowed Douglas to present the statements of witnesses at his hearing. The

6

record establishes that four such statements were before the DHB. (DE 9-6, 9-7, 9-8, 9-9, and 9-10.)

For the foregoing reasons, the Court **DENIES** Douglas's petition.

SO ORDERED on October 23, 2008.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION
